UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                    :
    GILBERT O. CAMERON,                             :
                                                    :
                            Petitioner,             :
                                                    :        13 Civ. 5872 (KPF) (FM)
              v.                                    :
                                                    :        OPINION AND ORDER
    ROBERT CUNNINGHAM,                              :        ADOPTING REPORT AND
    SUPERINTENDENT,                                 :        RECOMMENDATION
                                                    :
                            Respondent.             :
                                                    :
------------------------------------------------------ X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____             │
│ DATE FILED: September 9, 2014        │
└─────────────────────────────────────┘
```

KATHERINE POLK FAILLA, District Judge:

        Petitioner Gilbert Cameron ("Petitioner"), who is proceeding *pro se* and is

currently incarcerated, filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 (the "Petition") on August 19, 2013, against Superintendent

Robert Cunningham of the Eastern Correctional Facility in Napanoch, New

York.  In it, Petitioner seeks review of his New York State court convictions for

Burglary in the Second Degree, Tampering with a Witness in the Fourth

Degree, Criminal Contempt in the Second Degree, and eight counts of

Aggravated Harassment in the Second Degree.  United States Magistrate Judge

Gabriel W. Gorenstein issued a Report and Recommendation dated March 28,

2014 (the "Report"), recommending that the Petition be denied.  The Court has

reviewed both the Report and Petitioner's April 9, 2014 Objection to that Report

(the "Objection"),[1] and finds that the Report should be adopted in full.
Accordingly, the Petition is denied.

## BACKGROUND

The facts and procedural history of the instant action are set forth in the
Report.  (*See* Dkt. #37).  Nonetheless, a brief summary of the relevant facts is
useful to this Court's analysis.

Petitioner was indicted by a grand jury in Bronx County on June 25,
2008, for various charges arising from an alleged physical assault and
subsequent harassment of a complaining witness.  (Report 1-2).  After a bench
trial, Petitioner was found guilty of one count each of Burglary in the Second
Degree, Tampering with a Witness in the Fourth Degree, and Criminal
Contempt in the Second Degree, as well as eight counts of Aggravated
Harassment in the Second Degree.  (*Id.* at 2).

The prosecution's evidence at trial would have allowed a reasonable jury
to find that Petitioner had called a complaining witness numerous times
threatening her with physical injury, attempted to force his way into her
apartment, and eventually broke down the door of her home and physically
assaulted her while her children watched.  (Report 2).  Petitioner then
continued to make harassing calls after the assault.  (*Id.*).  Petitioner testified

---

[1]     Petitioner's Objection was timely filed on April 9, 2014.  (Dkt. #38).  Thereafter,
Petitioner submitted various letters to the Court that are difficult to follow, but appear
to reiterate the arguments raised in the Objection.  (*See* Dkt. #39, 44, 45, 49).  These
submissions were neither timely nor sanctioned and are thus rejected.  The Court
reviewed them nonetheless in order to raise *pro se* Petitioner's strongest arguments, but
found that they simply reiterate previously-raised arguments and thus need not be
considered here.

in his own defense, and asserted that he and the complaining witness were romantically involved, and that he was the father of one of her daughters. (*Id.*). At trial, the defense called an analyst at the Office of the Chief Medical Examiner, at Petitioner's "insist[ence]," who testified that a paternity test had revealed that Petitioner was not the child's father. (*Id.* at 3). On November 4, 2010, Petitioner was sentenced principally to nine years' imprisonment. (*Id.* at 1, 3).

Petitioner moved to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10 on May 14, 2011; that motion was denied on November 28, 2011. (Report 3-4). Petitioner did not appeal the denial of that motion. (*Id.*). Separately, on November 13, 2012, the Appellate Division affirmed Petitioner's conviction. *People* v. *Cameron*, 100 A.D.3d 457 (1st Dep't 2012). Petitioner was denied leave to appeal to the New York Court of Appeals by decision dated July 16, 2013. *People* v. *Cameron*, 21 N.Y.3d 1014 (2013).

## THE STANDARD OF REVIEW

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no "specific, written objection is made," as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene* v. *WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (quoting Fed. R. Civ. P. 72(b)); *see also Thomas* v. *Am*, 474 U.S.

140, 149 (1985).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley* v. *Cromartie*, 532 U.S. 234, 235, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

To the extent that a petitioner makes specific objections to a magistrate judge's findings, the reviewing court must undertake a *de novo* review of the objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States* v. *Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  *Pro se* filings are read liberally and interpreted "to raise the strongest arguments that they suggest."  *Pabon* v. *Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks and citation omitted).  However, where objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error.  *Walker* v. *Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

## DISCUSSION

### A.  Petitioner's Grounds for Habeas Relief

The Petition itself, in addition to Petitioner's other filings before this Court and various New York state courts, are particularly difficult to follow.  For this reason, Respondent asked Judge Gorenstein to dismiss the Petition pursuant to Rule 2 of the Rules Governing Section 2254 Cases in United States District Courts, arguing that the Petition was "rife with unintelligible arguments."  (Report 9-10).  In response, Judge Gorenstein declined to dismiss the Petition, noting that Petitioner had failed to object to Respondent's

characterizations of the three claims arguably implicated by his Petition, and on that basis, the Court would construe his Petition as raising those three claims, as well as a fourth claim that the Court found to be implicated by the Petition.

Accordingly, the Court construed the Petition as raising the following grounds for habeas relief: (i) government officials falsified the results of a paternity test to reflect that Petitioner was not the biological father of the complaining witness' daughter; (ii) Petitioner was denied his rights to testify or to appear before the grand jury; (iii) Petitioner was deprived of the effective assistance of counsel, based upon his trial counsel's failure to request dismissal of the indictment; and (iv) the Bronx Supreme Court lacked jurisdiction to indict Petitioner  (Report 10-16).

## B.    The Report

Judge Gorenstein thoroughly considered and rejected each of Petitioner's grounds for relief.  At the outset, Judge Gorenstein elected not to consider Respondent's contention that Petitioner had failed to exhaust any of his claims, since he found that each of the claims failed on the merits as well.  First, there was no evidence that the paternity test results were incorrect, let alone that they were falsified with the prosecution's knowledge.  (Report 10-11).  Second, there is no federal constitutional right to appear before a grand jury in a criminal prosecution.  (*Id.* at 11-12).  Third, trial counsel's decision not to move to dismiss an indictment, where there was no evidence beyond Petitioner's supposition that it was "fraudulent," did not constitute ineffective assistance of

counsel.  (*Id.* at 12-15).  Lastly, there is no federal constitutional right to be indicted and tried with a court with "jurisdiction" over the defendant.  (*Id.* at 16).  Cameron's Objection simply reiterates the arguments previously raised below, and can best be understood as a general and conclusory objection to the Report.  Accordingly, for the reasons discussed below, the Court has reviewed the Report for clear error and finds none.  *See Walker*, 216 F. Supp. 2d at 292.

## C.    Review of Petitioner's Claims

### 1.    Perjured Testimony Claim

Petitioner objects to the Report in this regard by noting that the "falsified paternity result had completely infested the entire proceeding and trial." (Obj. 1).  Judge Gorenstein correctly noted that a petitioner's claim related to perjured testimony is analyzed under the Due Process Clause of the Fourteenth Amendment.  (Report 10 (citing *Napue* v. *Illinois*, 360 U.S. 264, 269 (1959)). However, there is no evidence that the paternity test was falsified, beyond Petitioner's supposition.  (*Id.* at 11).  Moreover, as the state trial court held in denying Petitioner's § 440.10 motion, the paternity test had no bearing on, and could not constitute a defense to, the particular crimes with which Petitioner was charged and of which he was ultimately convicted.  (*Id.* (internal citation omitted)).  On this basis, the Court finds no clear error in the Report.

### 2.    Right to Appear Before a Grand Jury Claim

The Objection is silent as to Petitioner's claim regarding his alleged right to appear before the grand jury.  (*See* Obj. 1).  Again, the Court has reviewed the Report for clear error and finds none.  Judge Gorenstein correctly held that

there is no federal constitutional right to appear or testify before a grand jury in a state criminal proceeding.  (Report 11-12 (citing, *inter alia*, *United States* v. *Williams*, 504 U.S. 36, 52 (1992))).  Petitioner's claim on this basis accordingly should be dismissed.

### 3.     Ineffective Assistance of Counsel Claim

Petitioner did not object to the Report in this regard.  (*See* Obj. 1).  A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance in omitting certain claims or failing to argue claims that were raised adequately, there is a reasonable probability that the petitioner's appeal would have been successful.  *Mayo* v. *Henderson,* 13 F.3d 528, 533 (2d Cir. 1994).  Because the Appellate Division rejected these same ineffectiveness claims as lacking merit, this Court is left to determine whether that determination was contrary to established federal law.  (Report 14 (quoting 28 U.S.C. § 2254(d)(1)).  The Court finds no error in Judge Gorenstein's carefully reasoned determination, namely that Petitioner was not deprived of effective assistance of counsel simply because his counsel did not raise several arguments that had no factual or legal basis, beyond Petitioner's belief to the contrary.  (*Id.* at 14-15).

### 4.     Subject Matter Jurisdiction Claim

Finally, Judge Gorenstein construed the Petition as arguing that the Bronx grand jury never indicted Petitioner and, thus, that the Bronx Supreme Court lacked jurisdiction over Petitioner based upon this failure to indict.

(Report 15 (citing Pet. 5-6)).  Petitioner objects to the Report in this regard by arguing that it "would be [a] totally fundamental miscarriage of justice for the courts to allow this completely innocent man's conviction to stand in the wanting of jurisdiction."  (Obj. 1).  However, Petitioner failed to introduce any evidence that he was not indicted; to the contrary, the record indicates quite clearly that he was indicted.  (Report 16 (citing Resp. Decl. Ex. 1 (True Bill))).  Petitioner has not challenged the authenticity of this document, nor has he provided any evidence indicating that it is deficient.  Moreover, Petitioner has no federal constitutional right to be indicted by a court with "jurisdiction" over the defendant.  (*See* Report 15-16).  Accordingly, the Court has reviewed the Report for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Report is adopted in full, and the Petition is DENIED.  The Clerk of Court is directed to mark the case as closed.

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge* v. *United States,* 369 U.S. 438, 444-45 (1962).  The Clerk of Court shall dismiss the Petition and close the case.

SO ORDERED.

Dated: September 9, 2014
     New York, New York

_____
     KATHERINE POLK FAILLA
     United States District Judge

---

*A copy of this Order was mailed by Chambers to:*

   Gilbert O. Cameron
   10-A-5856
   Orleans Correctional Facility
   3531 Gaines Basin Road
   Albion, NY 14411-9199