UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                :

GILBERT O. CAMERON,            :

                            :

                   Petitioner,   :

                            :

            v.                  :

                            :

ROBERT CUNNINGHAM,      :
SUPERINTENDENT,             :

                            :

                   Respondent. :

                            :
------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:October 22, 2014 |

13 Civ. 5872 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

      Petitioner Gilbert Cameron ("Petitioner"), who is proceeding *pro se* and is currently incarcerated, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") on August 19, 2013, against Superintendent Robert Cunningham of the Eastern Correctional Facility in Napanoch, New York. (Dkt. #2). United States Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation (the "Report") dated March 28, 2014, recommending that the Petition be denied. (Dkt. #37). On April 9, 2014, Petitioner filed an Objection to that Report (the "Objection"). (Dkt. #38).

      On September 9, 2014, the Court issued an Opinion and Order adopting the Report and denying the Petition (the "September 9 Order"). (Dkt. #50). On September 22, 2014, Petitioner filed a Notice of Appeal. (Dkt. #52). Separately, on October 3, 2014, Petitioner filed the instant motion, which he styled as a "Motion Pursuant to Federal Rules of Civil Procedure 60(b)(3)(4), 12(h)(3) to

Dismiss State's Fraudulent Indictment #2443/2008." (Dkt. #58). The Court construes this document as a motion seeking reconsideration of the Court's September 9 Order. For the reasons set forth below, Petitioner's motion for reconsideration is denied.

## APPLICABLE LAW

**A.   The Court's Jurisdiction**

Although the Petitioner does not label it as such, the Court construes Petitioner's filing as a motion to "alter or amend a judgment" under Fed. R. Civ. P. 59(e), also referred to as a "motion for reconsideration."[1] As an initial matter, the Court must determine whether it retains jurisdiction to entertain Petitioner's motion for reconsideration notwithstanding the notice of appeal he has filed. "[A] notice of appeal filed after a motion is made to alter or amend a judgment, and before the district court acts on that motion, is 'a nullity.'" *Nw. Nat. Ins. Co. of Milwaukee, Wisconsin* v. *Alberts*, 937 F.2d 77, 81 (2d Cir. 1991) (quoting *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)); *see also* Fed. R. App. P. 4(a)(4) (providing that a notice of appeal filed before disposition of a timely Rule 59 motion "shall have no effect"). "The same principle applies to a motion to alter or amend a judgment filed *subsequent* to

---

[1]    Petitioner purports to bring his motion under two subsections of Fed. R. Civ. P. 60(b) that allow a court to relieve a party from a final judgment based on "fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct of an opposing party," Fed. R. Civ. P. 60(b)(3), or because "the judgment is void," Fed. R. Civ. P. 60(b)(4). Motions brought pursuant to Fed. R. Civ. P. 60(b)(3) must be brought no more than "a year after the entry of the judgment," and motions brought pursuant to Fed. R. Civ. P. 60(b)(4) must be brought within "a reasonable time." However, "this motion is considered as a motion to pursuant to Rule 59(e) … because the motion was filed within twenty-eight days after final judgment was entered." *De La Rosa* v. *Rocco*, No. 07 Civ. 7577 (PKC) (KNF), 2011 WL 2421283, at *2 (S.D.N.Y. June 8, 2011).

the filing of a notice of appeal, as long as the motion itself is timely." *United States ex rel. Best* v. *Warden, New York City Dep't of Correction*, No. 14 Civ. 3591 (GHW), 2014 WL 3643287, at *1 (S.D.N.Y. July 23, 2014) (internal quotation marks and citations omitted); *see also Griggs*, 459 U.S. at 58-60 (noting district courts' "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed").  Because Petitioner filed his motion on October 3, 2014, within 28 days after final judgment was entered on September 9, 2014, the motion was timely under Fed. R. Civ. P. 59(e).  Accordingly, the Court retains jurisdiction to consider the motion notwithstanding Petitioner's prior filing of a notice of appeal.

**B.    Standards for Reconsideration Motions**

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States,* No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)).  Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.,* 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict").  "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for

3

relitigating issues already decided by the Court." *Davidson* v. *Scully,* 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made to "reflexively [] reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d at 387 (quoting *Makas* v. *Orlando,* No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito,* 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

## DISCUSSION

Petitioner's motion for reconsideration is not predicated on any controlling decisions the Court overlooked, nor has there been an intervening change in the law. Instead, Petitioner's motion repeats arguments made in his previous filings, including in the Objection (Dkt. #38) and in various letters that have been filed since (*see* Dkt. #39, 44, 45, 49, 54). Specifically, Petitioner argues that the Bronx Supreme Court lacked subject matter jurisdiction over him because he was never indicted (Dkt. #58 at 2-4, 7-10), and that the prosecution falsified a paternity test (*id.* at 5). These arguments have been considered and adjudicated by this Court. (Dkt #50 at 8 ("Petitioner failed to introduce any evidence that he was not indicted; to the contrary, the record

indicates quite clearly that he was indicted."); *id.* at 6 ("[T]here is no evidence that the paternity test was falsified, beyond Petitioner's supposition. Moreover, … the paternity test had no bearing on, and could not constitute a defense to, the particular crimes with which Petitioner was charged and of which he was ultimately convicted." (internal citation omitted))).  Petitioner is not permitted to use a motion for reconsideration as a vehicle to relitigate these issues.  *See Shrader*, 70 F.3d at 257.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge* v. *United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket Entry 58.

SO ORDERED.

Dated:       October 22, 2014
             New York, New York

_____
          KATHERINE POLK FAILLA
          United States District Judge

*A copy of this Order was mailed by Chambers to:*

Gilbert O. Cameron
10-A-5856
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411-9199

5